**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action |
| v. | ) | No. 12-05018-01-CR-SW-DW |
| | ) | |
| SCOTT B. OLSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED
VOIR DIRE QUESTIONS TO JURY PANEL**

COMES NOW defendant Scott B. Olsen, by and through his attorney, Brian D. Risley, and for his Proposed Voir Dire Questions to Jury Panel, and submits the following:

1.      Is any member of the panel acquainted with Tammy Dickinson, United States Attorney for the Western District of Missouri, or his staff.  Is anyone acquainted with Special Assistant U.S. Attorney Steven Mohlhenrich?  Anyone acquainted with an employee of the U.S. Attorney's Office?

2.      Scott Olsen is a defendant in this case.  Brian D. Risley is Mr. Olsen's attorney.  Does anyone know Mr. Olsen or his attorney, Mr. Risley?

3.      The following persons may testify in this case. [Please read attached proposed witness lists.] Are any of you acquainted with any of these persons?  If any affirmative answers are forthcoming, inquire as to the nature of the acquaintance.

4.      Does anybody here today have any legal training or experience?

5.      Does any member of the panel have any problems with hearing or eyesight or any other medical problem which would impair your full attention to this trial or your ability to sit in this courtroom during this trial?

6.      Does any member of the panel know other members on the panel, either professionally or personally? If so, if you were selected to serve with that person or persons, would that prior relationship make it difficult for you if there was a dispute as to

1

what verdict should be entered in this case?

7.      In the trial of this case, the burden of proof will be in the Government to prove its allegations beyond a reasonable doubt. Is there any member of this panel who believes that burden of proof is too high and will hold the Government to a lesser standard of proof?

8. Is there any member of the panel who believes that solely because a Defendant has been charged with an offense that the person charged must be guilty of some offense?

9. A Defendant in a criminal case has a right not to testify if he so desires. If a Defendant in this case does not testify, would any member of this panel hold the fact that he did not testify against him?

10.      The government has the burden to prove each defendant guilty beyond a reasonable doubt on all the elements of the charge presented against each defendant.  The government will present witnesses, and I will cross-examine them.  It is up to you to decide what is true and not true.  Each defendant is presumed innocent, and has no legal burden to proven anything or to present any evidence.  Does anybody feel that this burden on the government is unfair?  Is there anybody here today that will assume each defendant is guilty if they do not testify or present any evidence?

11.      Does any member of the jury panel have strong feelings about the War on Guns?  [If yes, please inquire in camera as to the nature of those feelings.]

12.      Members of the Federal Emergency Management Agency and the Department of Homeland Security may testify in this case.  Will any member of the panel give more credit to the testimony of such a government official or law enforcement officer than to any other witness, simply because he or she is a government official or law enforcement officer?

13.       Has any member of the jury panel previously served on a grand jury or criminal trial jury?  If so, please state to the Court where and when each service occurred and, in criminal trials, the charge against the defendant and the verdict.  For those who have served on a grand jury, please state what court.

14.      Would any experience you may have had sitting as a juror in a previous criminal case have any effect on your ability to sit as a fair and impartial juror in this case?  If so, what effect would it have?

15.     Has any member of the jury panel ever been a complainant or victim for the prosecution in a criminal charge or trial?  If so, please state where and when.

16.     Has any member of the jury panel previously served on a jury in a civil trial?  If so, does he or she understand that (unlike a plaintiff in a civil trial), the government is required to prove its case beyond a reasonable doubt rather than by a mere preponderance of the evidence?

17.     Has any member of the jury panel, or any member of their family, or any close personal friend ever been employed or volunteered for any branch of law enforcement, including, but not limited to, the police department, highway patrol, FBI, ATF, United States Secret Service Treasury agent, Internal Revenue Service agent, FEMA, Department of Homeland Security, correctional officer, sheriff, deputy sheriff, guard, or jailer, whether civilian or military, public or private?  If so, please state the dates of employment and duties.

18.     Has any member of the panel, or any member of their family or close personal friend, ever been employed by any court as a clerk, bailiff, reporter, or other officer?  If so, please state what court, the dates of employment and the duties performed.

19.     Has any member of the jury panel ever received any legal training, including business law, or been employed by a law office?  If so, please state the nature of such training or experience.

20.     Are there any members of the jury panel that know any judges, lawyers or prosecutors?  If yes, who and how do you know them?  Is there anything about your acquaintance with that person that would create any prejudice for or against any party in this case?

21.     Evidence presented in this case will likely concern events surrounding the Joplin tornado that occurred on May 22, 2011 and its aftermath.  Is there anyone on the jury who was a victim of this tornado?  Or have family or close friends that were victims of this tornado?  Is there anything about your association with the Joplin tornado or knowing a family member or close friend who was associated with the Joplin tornado that would make it difficult to sit as a juror in this case?  Is there anything about your association with the Joplin tornado that would create any prejudice for or against any party in this case?

22.     If you have reasonable doubt about the defendant's guilt and, after listening to and considering the arguments of your fellow jurors, you still have that reasonable doubt, would you stick to your opinion and refuse to change your verdict even though it was an unpopular one or might result in a mistrial?

23.     Does any member of the jury panel know of any reason, whether asked before or not, which would prevent you from sitting as a juror in a fair and unbiased manner in the trial of this case, or is there any reason why it would be particularly embarrassing for you to sit as a juror in this trial?  In other words, the defendant is entitled to a trial by an impartial jury composed of jurors who are without any biases or prejudices for or against the defendant and who are without any preconceived ideas about this case.  If you were the defendant in this case, would you be satisfied with a person like yourself sitting on the jury?

24.     The defendant requests that each member of the jury panel be questioned by the Court and required to speak, stating his or her name, address, usual occupation, marital status, number of children and grandchildren, and spouse's occupation.

Respectfully submitted,


By: /s/ Brian D. Risley_____
    Brian D. Risley
    Missouri Bar No. 50580
    1200 E. Woodhurst, Suite C
    Springfield, Missouri  65804
    Telephone:  (417) 887-1155
    Facsimile:  (417) 887-1165
    Email: bdrizlee@yahoo.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of April, 2013, the foregoing document was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case.

/s/ Brian D. Risley_____
    Brian D. Risley
    Attorney for Defendant

4