# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action |
| v. ) | No. 12-05018-DW |
| ) | |
| SCOTT BRADLEY OLSEN, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR JUDGMENT OF ACQUITTAL
## AT THE CLOSE OF THE GOVERNMENT'S CASE

Comes now Defendant, Scott Bradley Olsen, by and through counsel, at the close of the government's case, and moves for a judgment of acquittal for the following reasons:

1. The government has failed to prove all of the elements of the crime alleged in each Count of the Indictment/Information.

2. The evidence fails to establish the corpus delicti.

3. The evidence fails to establish that the alleged offenses, if any, were committed by the defendant if at all knowingly or willingly.

4. Accepting as true all the evidence, whether circumstantial or direct, together with all favorable inferences drawn therefrom, the evidence is insufficient as a matter of law to support a finding of guilt.

5. The evidence is in such conflict in material respects that it fails to establish the guilt of the defendant of the offense charged beyond a reasonable doubt.

6. The information does not state facts sufficient to constitute an offense against the United States of America.

7. The evidence does not demonstrate that Defendant "knowingly and fraudulently claimed his primary residence was 2305 Virginia Avenue, Joplin, at the time of the May 22, 2011 Joplin tornado" as required to be proved to sustain convictions in both counts of the indictments.

8. The evidence does demonstrate that Defendant told officials with FEMA and with Homeland Security when arrested that 2305 Virginia was in fact not his primary residence.

9. Regardless of whether or not Defendant provided "lack of candor" with regard to other statements to FEMA in an effort to obtain benefits, the fact remains that from the beginning, he attempted to make it clear on more than one occasion that 2305 Virginia Avenue was not his "primary" residence and no statements, letters written by him, or evidence against him set forth that Defendant ever represented that 2305 Virginia was his "primary" residence.

10. A violation of 18 U.S.C. § 1001 for the making of a false statement or representation requires: (1) the making of a statement; (2) the falsity of such statement; (3) knowledge of the falsity of such statement; (4) relevance of such statement to the functioning of a federal department or agency; and (5) that the false statement was material. *U.S. v. Gahagan*, 881 F.2d 1380, 1382 (6th Cir. 1989) (citing *United States v. Aarons*, 718 F.2d 188, 190) (6th Cir.1983)).

11. The 5th Circuit failed to uphold a conviction under 18 U.S.C. §1001 "where the alleged statement forming the basis of a violation of section

1001 is true on its face," citing other circuits which have held "A prosecution for a false statement under § 1001 or under the perjury statutes cannot be based on an ambiguous question where the response may be literally and factually correct …. An indictment premised on a statement which on its faces is not false cannot survive." *U.S. v. Moses*, 94 F.3d 182, 188-89 (5th Cir. 1996); *see also U.S. v. Gahagan*, at 1382.

12. An Eighth Circuit case from 1978 supported the above and took it even a step further, holding, in a case involving questions during a deposition under oath that led to charges under § 1001, "It may well be that Petitioner's answers were not guileless but were shrewdly calculated to evade. Nevertheless … any special problems arising from the literally true but unresponsive answer are to be remedied through the 'questioner's acuity' and not by a federal perjury prosecution. *U.S. v. Vesaas*, 586 F.2d 101, 104 (8th Cir. 1978).

13. Numerous courts have held that in cases charged under 18 U.S.C. § 1001 "it is incumbent upon the Government to negative any reasonable interpretation that would make the defendant's statement factually correct." *U.S. v. Hixon,* 987 F.2d 1261, 1267 (6th Cir. 1993); *U.S. v. Gahagan*, at 1382; *U.S. v. Diogo*, 320 F.2d 898, 907 (2nd Cir. 1963).

14. Defendant is charged in two counts under 18 U.S.C. § 1001 and 18 U.S.C. § 1040. The above case law all applies to 18 U.S.C. § 1001. However, it should also apply to 18 U.S.C. § 1040, as this is a new statute enacted only

a few years ago, but requiring the same proof and analysis as set forth above for 18 U.S.C. § 1001.

15. The government has failed to establish by proof which comes up to the requirements for submission to the jury in a criminal case that the defendant committed the alleged offenses, knowingly or willingly, or even recklessly.

WHEREFORE, defendant prays for an Order of this Court entering a Judgment of Acquittal, and for such further relief as deemed necessary by the Court.

Respectfully submitted,

By: /s/ Brian D. Risley\_\_\_\_
Brian D. Risley
Missouri Bar No. 50580
1200 E. Woodhurst, Suite C
Springfield, Missouri 65804
Telephone: (417) 887-1155
Facsimile: (417) 887-1165
Email: bdrizlee@yahoo.com
Attorney for the Defendant

C E R T I F I C A T E   O F   S E R V I C E

The undersigned hereby certifies that on this 22nd day of April, 2013, the foregoing document was handed to US Attorney Steven Mohlhenrich as well as filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case.

/s/ Brian D. Risley\_\_\_\_\_
Brian D. Risley