Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against the defendant by the United States Government. The defendant is charged with one count of Disaster Fraud and one count of Making False Statements. Those charges are set forth in what is called an indictment which I will summarize as follows: Under Count One, the Indictment charges that the defendant committed the crime of Disaster Fraud, in that from on or about June 10, 2011 until on or about July 21, 2011, in connection with his application for disaster benefits, the defendant knowingly and fraudulently claimed his primary residence was 2305 Virginia Avenue, in Joplin, at the time of the May 22, 2011 Joplin tornado, when in truth and in fact it was not. Under Count Two, the Indictment charges that the defendant committed the crime of making False Statements in a matter under the jurisdiction of a federal agency in that, from on or about June 10, 2011 until on or about July 21, 2011, the defendant knowingly and willfully represented to the Federal Emergency Management Agency that his primary residence was 2305 Virginia Avenue, in Joplin, at the time of the May 22, 2011 Joplin tornado, when in truth and in fact it was not. You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

Joint Instruction No. 1
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.01 (modified)

Instruction No. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Joint Instruction No. 2
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.03

Instruction No. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Joint Instruction No. 3
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.05

Instruction No. _4_

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Joint Instruction No. 4
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.06A

Instruction No. _5_

   During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Joint Instruction No. 5
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.07

Instruction No. _6_

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors. If someone should try to talk to you about the case, please report it to the courtroom deputy.

*Third*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. If any lawyer, party or witness does not speak to you when you pass in the hall or ride the elevator, it is because they are not supposed to talk to or visit with you.

*Fourth*, it may be necessary for you to tell your family, close friends and other people about your participation in this trial. You can explain when you are required to be in court and can warn them not to: ask you about this case, tell you anything they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about anything else related to this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as a telephone, a cell or smart phone, a computer, the Internet, any blog, or Website such as Facebook, MySpace, or Twitter, or in any other way communicate to anyone any information about this case until I accept your verdicts. You must not tell anyone anything about the jury's deliberations in this case until I have accepted your verdicts or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it may result in the verdicts being thrown out and the case having to be retried.

*Fifth*, do not do any research or make any investigation about this case on your own. Do

not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge. Do not read any news stories or articles or listen to any radio or television reports about the case, or about anyone involved with it.

The parties have a right to have the case decided only on evidence that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdicts may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. Remember, you have taken an oath to abide by these rules and you must do so.

*Sixth*, do not make up your mind during the trial about what the verdicts should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Joint Instruction No. 6
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.08 (modified by the Court)

Instruction No. 7

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Government will then present its evidence and counsel for the defendant may cross-examine. Following the Government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the Government counsel may cross-examine them.

After the presentation of evidence is completed, the court will instruct you further on the law. The attorneys may then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that you will retire to deliberate on your verdict.

Joint Instruction No. 7
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 1.09 (last paragraph modified by the Court).

Instruction No. _8_

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Joint Instruction No. 11
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 3.01 (last paragraph added by the Court)

Instruction No. _9_

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Joint Instruction No. 12
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 3.02

Instruction No. *10*

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Joint Instruction No. 14
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 3.04 (modified)

Instruction No. 11

The Indictment in this case charges the defendant with two different crimes. Under Count One, the Indictment charges that the defendant committed the crime of Disaster Fraud, in that from on or about June 10, 2011 until on or about July 21, 2011, in connection with his application for disaster benefits, the defendant knowingly and fraudulently claimed his primary residence was 2305 Virginia Avenue, in Joplin, at the time of the May 22, 2011 Joplin tornado, when in truth and in fact it was not. Under Count Two, the Indictment charges that the defendant committed the crime of making False Statements in a matter under the jurisdiction of a federal agency in that, from on or about June 10, 2011 until on or about July 21, 2011, the defendant knowingly and willfully represented to the Federal Emergency Management Agency that his primary residence was 2305 Virginia Avenue, in Joplin, at the time of the May 22, 2011 Joplin tornado, when in truth and in fact it was not.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

Joint Instruction No. 15
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 3.06 (modified)

Instruction No. 12

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Joint Instruction No. 18
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 3.11

Instruction No. *13*

You have heard testimony that the defendant made statements to representatives of the Federal Emergency Management Agency (FEMA) Inspector, and to Special Agent Matthew Niezgoda. It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.

Joint Instruction No. 10
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 2.07

Instruction No. 14

The crime of Disaster Fraud, as charged in Count One of the Indictment, has four elements, which are:

*One*, the defendant made a materially false or fraudulent statement or representation to the Federal Emergency Management Agency (FEMA), specifically that his primary residence was 2305 Virginia Avenue, Joplin, Missouri at the time of the May 22, 2011 Joplin tornado;

*Two*, the defendant's statement or representation was in connection with a "benefit"; specifically, the defendant's application to FEMA to receive disaster assistance funds; and

*Three*, the benefit was in connection with the Presidential Disaster Declaration for the State of Missouri, effective May 9, 2011, as amended May 23, 2011; and

*Four*, the benefit was a payment, money or thing of value of the United States government.


A statement or representation is "false", if it is untrue when made, and then known to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent," if known to be untrue, and made or caused to be made with the intent to deceive the governmental agency to whom it was submitted.

A statement or representation is "material," if it has a natural tendency to influence, or is capable of influencing, the decision of the agency. However, whether a statement or representation is "material" does not depend on whether the agency was actually deceived.

If all of the elements have been proved beyond a reasonable doubt as to the defendant;

then you must find the defendant guilty of the crime charged under Count One; otherwise you

must find the defendant not guilty of the crime.

Joint Instruction No. 16
Source:   18 U.S.C. § 1040 (a)(2) and (b)(3); *USABook*, Indictment Forms, Title 18, Ch. 47, 18
USC 1040 (2011) [http://dojnet.doj.gov/usao/eousa/ole/usabook/indf/indf784.htm]

Instruction No. *15*

It is a crime to make a false material representation or statement to an agency of the United States or about a matter within the agency's jurisdiction. This crime, as charged in Count Two of the Indictment, has three elements:

*One*, the defendant knowingly and intentionally made a materially false statement or representation to the Federal Emergency Management Agency (FEMA); specifically, in connection with his application for disaster assistance, the defendant claimed his primary residence was 2305 Virginia Avenue, Joplin, Missouri at the time of the May 22, 2011 Joplin tornado;

*Two*, the statement or representation was made about a matter within the jurisdiction of the Federal Emergency Management Agency (FEMA), an agency of the Executive Branch of the United States Government; and

*Three*, the defendant knew it was untrue when he made the statement or representation.

A statement or representation is "false" if it was untrue when it was made. A statement or representation is "material," if it has a natural tendency to influence, or is capable of influencing, the decision of the agency. However, whether a statement or representation is "material" does not depend on whether the agency was actually deceived.

If all of the elements have been proved beyond a reasonable doubt as to the defendant; then you must find the defendant guilty of the crime charged under Count Two; otherwise you must find the defendant not guilty of the crime.

Joint Instruction No. 17
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 6.18.1001B (modified)

Instruction No. _16_

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

       *Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The verdict form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

Joint Instruction No. 19
Source: *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2013), Instr. No. 3.12 (modified)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

UNITED STATES OF AMERICA,    )
                                          )
                Plaintiff,    )
            v.                 )      **Case No. 12-05018-01-CR-SW-DW**
                                            )
**SCOTT BRADLEY OLSEN,**    )
                                          )
               Defendant.    )

## VERDICT FORM A

We, the jury, find Defendant SCOTT BRADLEY OLSEN _____ of the
                                                       [guilty/not guilty]

crime of Disaster Fraud as charged in Count One of the Indictment, under Instruction No. *14*.

_____
Foreperson

_____
Date

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 12-05018-01-CR-SW-DW |
| | ) | |
| SCOTT BRADLEY OLSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM B

We, the jury, find Defendant SCOTT BRADLEY OLSEN _____ of the
[guilty/not guilty]

crime of Making False Statements as charged in Count Two of the Indictment, under Instruction

No. _15_.


_____
Foreperson


_____
Date