```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF MISSOURI
                        SOUTHERN DIVISION


   UNITED STATES OF AMERICA,    )
                                )
                    Plaintiff,  )
                                )
              vs.               )  No. 12-CR-05018-DW-1
                                )
   SCOTT BRADLEY OLSEN,         )  September 5, 2013
                                )
                    Defendant   )  Springfield, Missouri



                           SENTENCING
              BEFORE THE HONORABLE DEAN WHIPPLE
                 UNITED STATES DISTRICT JUDGE




APPEARANCES:
FOR THE PLAINTIFF:            MR. STEVEN M. MOHLHENRICH
                              U.S. ATTORNEY'S OFFICE
                              901 St. Louis Street, Ste. 500
                              Springfield, MO  65806



FOR THE DEFENDANT:            MR. BRIAN D. RISLEY
                              LAW OFFICE OF BRIAN RISLEY
                              1200-C East Woodhurst
                              Springfield, MO  65804



COURT REPORTER:               MS. JEANNINE RANKIN,CSR,CCR,RPR
                              U.S. COURT REPORTER
                              222 N. Hammons Parkway
                              Springfield, MO  65806
```

Proceedings reported by stenography; transcript produced by computer.

```
 1              USA v SCOTT BRADLEY OLSEN
 2             CASE NO. 12-CR-05018-DW-1
 3                      SENTENCING
 4                  SEPTEMBER 5, 2013
 5                  *   *   *   *   *   *
 6           THE COURT:  Court will call Case No. 12-05018,
 7  United States of America versus Scott Bradley Olsen.
 8           You're Scott Bradley Olsen, correct?
 9           THE DEFENDANT:  Yes, sir.
10           THE COURT:  You're represented by Mr. Risley?
11           THE DEFENDANT:  That's correct.
12           THE COURT:  Mr. Olsen, we had a jury trial on April
13  22nd and 23rd of this year and the jury found you guilty of
14  Count 1, disaster fraud, and Count 2, making false statements.
15  I accepted the jury's findings of guilty, entered a judgment
16  of guilty against you and ordered a presentence investigation
17  report.  Now it's been completed and you should have got a
18  copy of it.  Did you?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Have you had it for at least 14 days?
21           THE DEFENDANT:  Yes, sir, I have.
22           THE COURT:  Have you had an opportunity to discuss
23  it with your attorney?
24           THE DEFENDANT:  Yes, I have.
25           THE COURT:  Now I'm going to ask your attorney,
```
2

1   Mr. Risley, are there any objections to the presentence we
2   need to address?
3           MR. RISLEY: Your Honor, we did make an objection to
4   the presentence regarding the points assessed for obstruction
5   of justice. They encompassed several paragraphs but
6   essentially just the obstruction. The basis for it, I
7   believe, was that he testified at trial and the jury convicted
8   him, therefore, he obstructed justice. I'll stand on my
9   objection which simply states that he just testified
10  consistently with what he had said, that there was no finding
11  he committed perjury or obstructed justice and he was just
12  simply asserting his right to trial, therefore we don't
13  believe he obstructed justice.
14          THE COURT: I understand your position.
15          What's the government's response, please?
16          MR. MOHLHENRICH: The government will stand on its
17  written response. Mr. Olsen both lied to the agent when he
18  was initially interviewed in connection with these charges and
19  then he lied on the witness stand again. That's obstruction,
20  Your Honor.
21          THE COURT: All right. Thank you.
22          Mr. Olsen, I understand your position and your
23  attorney's position and he's correct in stating there was no
24  official findings or declaration by me, the judge or the
25  Court, that you perjured yourself but I'm finding that you did

3

commit perjury because the testimony you gave was not believed by the jury and also testimony that you -- or the statements you made to the investigating officer was determined to be false by the findings of the jury. So I'm going to find that based on those two provisions that the two-point assessment for committing perjury by giving false statements by your testimony should remain in the presentence.

Any other objections by the defense to the presentence?

MR. RISLEY: No, Your Honor.

THE COURT: Is there any by the government?

MR. MOHLHENRICH: No, Your Honor.

THE COURT: All right. Now, Mr. Olsen, do you want to make your way up to the podium with your attorney, please. We need to discuss assessment of punishment.

Mr. Olsen, after we had that presentence -- or that trial and I ordered the presentence, part of the presentence is the application of the Federal Sentencing Guidelines. They are advisory but that's what we use to consider punishment. In this presentence it shows under the guidelines a total offense level of 14 points, it shows you have a criminal history category of one. The guideline sentencing chart then calls for a sentencing range of 15 to 25 months, any period of incarceration to be followed by two to five years of supervised release. Fine range is 3,000 to $30,000,

4

restitution is not applicable and there must be a $100 special assessment imposed on each count for a total special assessment of $200. That appears to be the applicable guideline range.

Is there any objections to the calculations in the presentence by the government?

MR. MOHLHENRICH: No, Your Honor.

THE COURT: Any further objections by the defense?

MR. RISLEY: No, Your Honor. You did say 15 to 21 months?

THE COURT: Yes.

MR. RISLEY: I apologize. I misheard you.

THE COURT: Yes. I meant to say that. If I didn't, that's what I meant to say.

MR. RISLEY: Thank you. No objection.

THE COURT: Thank you.

All right. Then those are the advisory guidelines the Court's considering.

The government have any position or recommendation?

MR. MOHLHENRICH: Just briefly, Your Honor.

As the Court well recalls, there was a trial and the defendant was convicted by the jury. The government believes that the 15- to 21-month guideline range is reasonable and appropriate in this case and would recommend a sentence towards the upper end of that guideline range and for a couple

5

of reasons. The first is the offense itself. While the guideline -- the actual offense level is fairly low and the defendant's criminal history category is one, the government doesn't believe that either of those factors adequately encompass the conduct of the defendant. If the Court will look at the defendant's criminal history, he does have criminal conduct including some of it that was committed while he was on supervised release, specifically threatening to bring a gun and shoot his former colleagues, co-workers. There was a modification to his terms of supervision to provide for mental health counseling as a result of that and he remained on bond. While he was on bond he failed to appear for his first pretrial conference. He actually testified at a revocation hearing in front of Judge Rush who found him not to be credible at that hearing. So those are things to take into account regarding this defendant. And also he has a prior arrest for providing false information to a police officer in Washington that apparently he never appeared on and is still an outstanding charge. So that's -- so the defendant -- the defendant's criminal history category of one doesn't seem to quite capture his essence.

Now, the offense itself is a little bit more serious than one would gather from the fact that he provided false information to a government agency and then didn't get any money as a result of it, and the reason for that is these

1  funds that were authorized by Congress were to go to help real
2  victims of tornado. That was money that was being sent into
3  the community with very few government checks on it because
4  they wanted to get the money to people quickly. This
5  defendant took advantage of that and tried to lie and get
6  money from the government that was meant to go and help real
7  victims. It's a little bit different than your average Social
8  Security disability case where someone provides false
9  information in that there's a real governmental interest in
10 deterring particularly this sort of misconduct, especially
11 because in the wake of a disaster there are so few checks on
12 the system.
13         So the government believes that those two factors
14 warrant -- both the defendant's past conduct and the nature of
15 the offense warrant a sentence towards the upper end of the
16 15- to 21-month guideline range.
17         Now, the government disagrees with the proposed
18 defense grounds for a downward departure based on some medical
19 conditions that the defendant has. Certainly many defendants
20 have medical conditions and the defendant's aren't anything
21 terribly out of the norm and certainly something that the
22 Bureau of Prisons can accommodate.
23         Finally, regarding a fine, this was an economic
24 offense that the defendant attempted to profit from. There is
25 no restitution due in the case so the government believes that

7

Case 3:12-cr-05018-DW   Document 75   Filed 10/08/13   Page 7 of 17

1  a guideline fine might be appropriate as well.
2            THE COURT:  Thank you.
3            What's defense's position, please?
4            MR. RISLEY:  Your Honor, we did file a sentencing
5  memo regarding some of the health conditions of the defendant.
6  One of the factors under 3553 the Court can consider is his
7  medical condition.  We ask the Court to do that.  We
8  understand what the guideline range is.  We understand
9  Mr. Olsen asserted his right to a jury trial and the jury did
10 find him guilty and we're just asking the Court to consider
11 all the factors and fashion an appropriate sentence
12 considering his medical condition.
13           THE COURT:  Mr. Olsen, do you have any statement to
14 make before I pronounce a sentence on you?
15           THE DEFENDANT:  I think my attorney has handled --
16 is handling things quite well.  Thank you, sir.
17           THE COURT:  Are you satisfied with the
18 representation of your attorney?
19           THE DEFENDANT:  He's done a very adequate job
20 compared to the first two attorneys.
21           THE COURT:  Are you satisfied with his
22 representation of you through the trial, through today?
23           THE DEFENDANT:  Yes, sir.
24           THE COURT:  Mr. Olsen, I have read the presentence
25 as well as you have and the attorneys and, of course, I

presided over the trial so I saw the testimony. With all that background, I'm going to assess your punishment at 18 months. I'm going to find you do not have the ability to pay a fine or your cost of incarceration. Those items will be waived. I will be entering judgment against you in the amount of $100 for each count which is a total of $200. Upon your release from imprisonment I'm going to place you on supervised release for two years and I will spell out some terms and conditions.

Having advised you of the punishment I'm going to assess against you, do you have any reason why this judgment and sentence should not be pronounced upon you at this time?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. Allocution is granted to the defendant. It is the judgment and sentence of this Court that the defendant, Scott Bradley Olsen, shall be committed to an institution or institutions to be designated by the Federal Bureau of Prisons for a period of 18 months unless sooner discharged according to law. Court finds the defendant does not have the ability to pay a fine or his cost of incarceration. Those items will be waived. Court enters a special assessment judgment of $100 for each count for a total special assessment judgment of $200. Upon serving of this sentence it is ordered that defendant be placed on supervised release for a period of two years under the supervision of U.S. probation and parole office subject to the standard terms

and conditions that are in effect.

Those are rules you must conform your conduct to, Mr. Olsen. In addition to those standard conditions, I'm going to impose some special conditions which are as follows: No. 1, you shall provide the probation office with access to any requested financial information; No. 2, you shall not consume or have in your possession alcoholic beverages or beer including 3.2 percent beer at any time and shall not be present in any establishment where alcoholic beverages are the primary items for sale; No. 3, you shall successfully participate in any substance abuse testing program which may include urinalysis, sweat patch or Breathalyzer testing as approved by the probation office and pay any associated costs as directed by the probation office; No. 4, you shall submit your person and any property, house, residence, office, vehicle, papers, computer, or other electronic storage devices to be searched by a U.S. probation officer at a reasonable time, in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure on your part to submit to a search may be grounds for revocation of your supervised release. And you are directed to warn all other residents that the premises you occupy may be subject to search pursuant to this condition. No. 5, you shall be at your place of residence every night by 10:00 p.m. and remain there until 6:00 a.m. unless you have

10

```
 1  employment that requires you to work past 10:00 p.m.  In that
 2  event you shall be at your place of residence within 30
 3  minutes after your workday is complete.
 4           Now, I wouldn't expect you to remember all those.
 5  When you're released, the probation officer will give you a
 6  written copy of that.  Do you understand that?
 7           THE DEFENDANT:  Yes, sir, I do.
 8           THE COURT:  Now, I'm going to -- I saw in the
 9  presentence -- I'm trying to figure out how to -- that you're
10  drawing disability and I assume that will stop while you're in
11  prison.  If it doesn't, I want some way for that at least be
12  seized to be applied towards his costs of incarceration.  I
13  don't know how to do it but that's -- U.S. Attorney Office
14  will keep apprised.  He shouldn't draw disability, that's the
15  rule.
16           MR. RISLEY:  I believe it is, Your Honor.  I'm
17  not --
18           THE DEFENDANT:  After 30 days it stops.
19           THE COURT:  After 30 days?
20           THE DEFENDANT:  Yes.
21           THE COURT:  If it doesn't stop, I need to know about
22  it.  Government needs to check on that.
23           MR. MOHLHENRICH:  Yes, Judge.
24           THE COURT:  All right. Now, did you -- Mr. Olsen,
25  did you serve any time in jail on this charge at the time you
```

11

1  were arrested or --
2         MR. RISLEY: I believe he was arrested and maybe
3  served one day or part of one day.
4         THE DEFENDANT: It was like ten days, wasn't it?
5         MR. RISLEY: That was -- when he was first arrested,
6  I believe he was in and out. In January he did miss a
7  pretrial date because of a wrong address. I think he served
8  ten days approximately at that time.
9         THE COURT: Okay. I'll give him credit for serving
10 the sentence for the time he was held under this case. I
11 don't know if --
12        MR. RISLEY: It was in January of 2013.
13        THE COURT: Okay. All right.
14        Now, I need to advise you, Mr. Olsen, you have 14
15 days from today to appeal this sentence or any ruling I have
16 made in entering judgment against you. The Court imposes this
17 sentence considering the Sentencing Reform Act of 1984 using
18 the guidelines as advisory, considering the factors under 18
19 U.S.C. 3553 to determine that this is a reasonable sentence
20 for punishment and deterrence and to deter the ends of
21 justice.
22        Now, any objection to self-surrender or --
23        MR. MOHLHENRICH: No, Judge.
24        THE COURT: Is that what you're requesting?
25        MR. RISLEY: We would request it, Judge. He's just

12

got some medical issues.  He will surrender whenever the Court tells him to.

        THE COURT:  Bureau of Prisons usually asks for about 45 days.  I'm fumbling looking for a calendar.  What's 45 days from today?

        MR. RISLEY:  Approximately October 10th, maybe the 9th.

        THE COURT:  What day of the week is that?

        MR. RISLEY:  Tenth is a Thursday.

        THE COURT:  Thirty days would be October 5th.

        MR. RISLEY:  October 18th would be a Friday.

        THE COURT:  Let's go to the next Monday, Monday 21st.

        MR. RISLEY:  Yes, Your Honor.

        THE COURT:  Mr. Olsen, I'm go to direct that you surrender to the facility that the Bureau of Prisons selects for you to stay on Monday, October 21st, by 12:00 noon.  Do you understand that?

        THE DEFENDANT:  Yes, sir.  Can I ask a question?

        THE COURT:  Sure.

        MR. RISLEY:  Why don't you ask me first.

        THE DEFENDANT:  Can I surrender earlier than that?

        THE COURT:  Here's what -- as I understand, Mr. Olsen, the Bureau of Prisons is going to evaluate you and see where they need to put you.  It sounds to me with all your

13

```
 1  health conditions they may put you out here in Springfield but
 2  you can't surrender until they find out where they're going to
 3  place you.  When they make that finding, I guess he could ask.
 4  I've never had anybody ask that before but I can understand
 5  why you're wanting to do it because of all your health
 6  conditions.  So ask them.  I don't know.
 7              MR. RISLEY:  I'll take that up.
 8              THE COURT:  I don't care.  I have no objection to
 9  it.  If the Bureau of Prisons says you can self-surrender
10  after your place is selected, that's fine.  Okay?
11              MR. RISLEY:  All right.  Thank you, Your Honor.
12              THE COURT:  That will be interesting to finding out
13  what they say.
14              MR. RISLEY:  I'll let you know.
15              THE COURT:  Mr. Olsen, anything gone on you don't
16  understand?
17              THE DEFENDANT:  Oh, no, sir.
18              THE COURT:  Are you still satisfied with the
19  representation of your attorney?
20              THE DEFENDANT:  Yes.  Considering how the case went,
21  I think Mr. Risley did a very fine job coming in at the last
22  minute.
23              THE COURT:  Has he done everything you've asked him
24  to do?
25              THE DEFENDANT:  Yes, sir, he has.
```

1  THE COURT: Has he failed to do for you anything you
2 asked him to do in acting as your attorney in this case?
3  THE DEFENDANT: No.
4  THE COURT: All right. I'll remand you to --
5 probation, you need to see him before he takes off today?
6  PROBATION OFFICER: I believe he already met with
7 pretrial downstairs.
8  THE COURT: Whenever pretrial is finished with you,
9 you're free to go.
10  Anything further by the government?
11  MR. MOHLHENRICH: Defendant's right to appeal?
12  THE COURT: I told him once but I'll tell him again.
13  You have 14 days from today to appeal this ruling,
14 this sentence or any ruling I have made. Do you understand
15 that?
16  THE DEFENDANT: Yes, sir, I do.
17  THE COURT: All right. Thank you. You may step
18 aside.
19  I'm sorry. Wait a minute. Mr. Olsen, I've got to
20 impose that sentence as 18 months on Count 1 and 18 months on
21 Count 2 and order those two terms run concurrently as one
22 18-month sentence. I must also sentence you to two months
23 supervised release on Count 1 and two months on Count 2 and
24 order that they be served concurrently with each other, not
25 consecutive.

15

```
 1              MR. RISLEY:  Did you say two months or two years?
 2              THE COURT:  Two years.  Two years.  They're both
 3   concurrent.  Still two 18-month sentence, two as one sentence.
 4   All right.  Thanks for reminding me of that.
 5              (Proceedings concluded at 9:18 a.m.)
```

## CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*s:/Jeannine M. Rankin*

Date:                    Jeannine M. Rankin, CCR, CSR, RPR